UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:06-cr-37-FTM-29DNF

MARY ROSE FOGLE
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion Under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine which became effective November 1, 2007 and Caused a two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #43), filed on August 5, 2008.  Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The relevant Sentencing Guidelines policy statement is § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Defendant Fogle satisfies all these requirements.

Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

---

[1]<u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003)

At the original sentence, the Court determined that defendant's Base Offense Level was 32, her Total Offense Level was 29, her Criminal History Category was V, and the Sentencing Guidelines range was 140 to 175 months imprisonment. The Court found that consideration of all the statutory sentencing factors justified a variance from the Sentencing Guidelines range as allowed by United States v. Booker, 543 U.S. 220 (2005), and imposed the statutory mandatory minimum 120 months imprisonment. The application of Amendment 706 results in a Base Offense Level of 30, a Total Offense Level of 27, a Criminal History Category of V, and a Sentencing Guidelines range of 120 to 150 months imprisonment.

The Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706. United States v. Wiggins, 2008 WL 3972775 (11th Cir. Aug. 28, 2008). Since defendant received the lowest sentence allowed in light of the statutory mandatory minimum, her motion for a further reduction will be denied.

Additionally, because defendant is proceeding *pro se*, the Court must construe her request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to reduce or modify a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315

(11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or reduce the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine which became effective November 1, 2007 and Caused a two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #43) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA (Haas)
Mary Rose Fogle
U.S. Probation
U.S. Marshal
DCCD

4